526 P.2d 1257

Floyd Robert COLLINS and Frank
Bezunartea, Petitioners,

v.

Lawrence H. DOYLE, Jr., Judge of the Su-
perior Court, Division 26, Maricopa
County, Arizona, Respondent;

Paul David Harris La BARRE, Respondent-
Real Party in Interest.

No. 1 CA–CIV 2868.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 3, 1974.

Gervais R. Brand, Phoenix, for petition-
ers.

Harris & Peacock by Donald W. Harris,
Phoenix, for respondent-real party in in-
terest.

## OPINION

STEVENS, Judge.

The petitioners seek special action relief
in relation to the 22 August 1974 order en-
tered by The Honorable Lawrence H.
Doyle, Jr., the Respondent Judge, by which
order the petitioners' motion to compel dis-
covery was denied.

The petitioners are the plaintiffs in
Maricopa County Superior Court cause
number C–287015. On 16 January 1974
they filed their complaint against Paul Da-
vid Harris La Barre, the respondent-real
party in interest herein (La Barre) seeking
to recover the value of certain jewelry al-
legedly owned by the plaintiff Floyd Rob-
ert Collins and allegedly converted on 9
May 1973 by La Barre and other named
civil suit defendants.

On 3 January 1974, and in relation to
the event charged in the civil suit, an in-
dictment was filed in the Maricopa County
Superior Court cause number Cr–79201,
charging as follows:

"The grand jurors of Maricopa County,
Arizona accuse PAUL DAVID La-
BARRE, JACK L. HOUSTON and
JAMES FLOYD HANNA, charging
that in Maricopa County, Arizona, on or
about the 9th day of May 1973, the
aforesaid defendant(s) did then and
there commit burglary of a motor vehi-
cle of Floyd R. Collins located at 4743
E. Montecito, City of Phoenix, County of
Maricopa, all in violation of A.R.S. §
13–301 and § 13–302, as amended 1969.

"For a further and separate cause of action, being a different offense from, but connected in its commission with the charge set forth in Count I hereof, the said PAUL DAVID LaBARRE, JACK L. HOUSTON and JAMES FLOYD HANNA, are accused by this indictment of the crime of GRAND THEFT, a felony, committed as follows, to-wit:

"COUNT II: That in Maricopa County, Arizona on or about the 9th day of May, 1973, the aforesaid defendants did then and there stole [sic] from Floyd R. Collins property to-wit: miscellaneous Indian jewelry of a value of more than $100.00, all in violation of A.R.S. § 13–661, § 13–662, § 13–663, as amended 1968 and § 13–671."

This Court is informed that the indictment has been dismissed as to Houston and Hanna. On 12 March 1974 in the criminal cause, The Honorable Frederic W. Heineman presiding, and on motion of a Maricopa County Deputy County Attorney, both counts of the indictment were dismissed as to La Barre. The order contains no recitation as to whether it was entered with prejudice. The order did not recite, in the language of Criminal Rule 16.7(d), 17 A.R.S., a finding "that the interests of justice require that the dismissal be without prejudice."

Thereafter, in the civil suit, Collins commenced the taking of the La Barre deposition as an adverse party. La Barre declined to answer questions relating to the 9 May 1973 event urging the Fifth Amendment right against self-incrimination. The motion to compel discovery then followed, the motion was denied and special action relief was then sought in this Court.

The crucial question is, the maximum time elements within which a criminal cause must be tried not having expired, was the 12 March dismissal a dismissal with prejudice or, in the absence of Criminal Rule 16.7(d) language in the order, may the State refile the charges contained in the indictment? We hold that the case of Schultz v. Peterson, 22 Ariz.App. 205,

526 P.2d 412 (decided on 19 September 1974), is controlling. We hold that the indictment was dismissed with prejudice.

The Respondent Judge was in error in overruling the motion to compel discovery insofar as that ruling was based on La Barre's claim on the Fifth Amendment privilege as to burglary and grand theft. We express no opinion as to whether there may be proper claims of the Fifth Amendment privilege arising out of and concerning other aspects and consequences of the 9 May 1973 events.

Special action relief is granted in part as specified in this opinion.

DONOFRIO, P. J., and OGG, J., concur.